1 | Anna Y. Park, Regional Attorney, CA Bar No. 164242
Derek W. Li, Supervisory Trial Attorney, CA Bar No. 150122
2 | Sue J. Noh, Senior Trial Attorney, CA Bar No. 192134
U.S. Equal Employment Opportunity Commission
3 | 255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
4 | Telephone: (213) 894-1082
Facsimile: (213) 894-1301
5 | E-Mail: lado.legal@eeoc.gov
       sue.noh @eeoc.gov
6 | Attorneys for Plaintiff EEOC

7 | Bruce C. Young, Nevada Bar No. 5560
LITTLER MENDELSON
8 | 3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169
9 | Telephone: (702) 862-8800
Facsimile: (702) 862-8811
10 | Attorneys for Defendants Republic Services, Inc.
and Republic Silver State Disposal, Inc.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>REPUBLIC SERVICES, INC., REPUBLIC SILVER STATE DISPOSAL, INC., and DOES 1- 10, inclusive,<br><br>    Defendants. | Case No. 2:04-cv-1352-DAE-LRL<br><br>**(BASE FILE)**<br><br>Consolidated with: 2:04-cv-1479-DAE-LRL<br><br>**CONSENT DECREE** |
| ROBERT LAROCCA and WILLIAM LACY,<br><br>    Plaintiffs,<br><br>vs.<br><br>REPUBLIC SERVICES, a Delaware corporation, REPUBLIC SILVER STATE DISPOSAL, a Nevada corporation, and Does 1 through 25, inclusive,<br><br>    Defendants. | |

**I.**

**INTRODUCTION**

A. Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendants Republic Services, Inc. and Republic Silver State Disposal, Inc. (collectively, "Republic") hereby stipulate and agree to the entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff EEOC's complaint and first amended complaint against Republic in *U.S. Equal Employment Opportunity Commission v. Republic Services, Inc. et al.*; Case No. 2:04-cv-1352-DAE (LRL) (the "Action"). Collectively, the EEOC and Republic are referred to herein as the "Parties." On September 30, 2004, Plaintiff filed this Action in the United States District Court, District of Nevada, for violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). The Action alleged that Republic discriminated against Robert LaRocca, William Lacy and other similarly situated persons (collectively, the "Claimants") on the basis of their age. The EEOC alleged *inter alia* that Republic terminated and denied transfers to the Claimants on the basis of their age.

B. Defendants Republic Services, Inc. and Republic Silver State Disposal, Inc. deny any unlawful discrimination, harassment or retaliation of any sort, and deny all allegations of the EEOC, the Claimants and Plaintiffs Lacy and LaRocca.

**II.**

**PURPOSES AND SCOPE OF THE CONSENT DECREE**

A. The Decree is made and entered into by and between the EEOC and Republic and shall be binding on and enforceable against Republic's Las Vegas operations, which are defined as the Cheyenne Transfer Station, the Henderson Transfer Station, the Sloan Transfer Station and the Area offices located at 770 E. Sahara Avenue (hereinafter referred to collectively as "Defendants").

B. The Parties have entered into this Decree for the following purposes:

1. To provide monetary and injunctive relief to the Claimants and to Plaintiffs Lacy and LaRocca;

2. To ensure that Defendants' employment policies and practices are in compliance with federal law;

3. To ensure a work environment free from retaliation;

4. To ensure training in employment discrimination law;

5. To ensure appropriate recording keeping, reporting, and monitoring;

6. To avoid further expensive and protracted costs incident to litigation; and

7. To provide a final and binding settlement upon the Parties.

There is no determination implied or expressed in this Decree regarding whether or not the current policies, practices and procedures, training, record keeping, reporting or monitoring by Defendants at their Las Vegas operations comply with the provisions and requirements of the ADEA.

## III.

## **RELEASE OF CLAIMS**

A. This Decree constitutes a complete resolution of all allegations of federal employment discrimination arising from or relating to: (1) EEOC Charge Nos. 340-2003-09835 and 340-2003-09870 (collectively, "the Charges"); (2) the EEOC's Complaint and First Amended Complaint; and (3) any other claims that could have been brought as part of the Charges and Complaints in this Action by the EEOC.

B. The Decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission or a violation of the Age Discrimination in Employment Act or any other law by Defendants.

C. Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with the ADEA or any other federal employment law.

D. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit pursuant to §VII herein to enforce this Decree in the event that Defendants fail to perform the promises and representations contained herein.

E. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate charges or claims, other than those covered in § III(A), that may be in existence or may later arise against Defendants in accordance with standard EEOC procedures.

## IV.

## JURISDICTION

A. The Court has jurisdiction over the Parties and the subject matter of this litigation. The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree. The terms and provisions of this Decree are fair, reasonable, and just. This Decree conforms with the Federal Rules of Civil Procedure and the ADEA; and is not in derogation of the rights or privileges of any person.

B. The Court shall retain jurisdiction of this Action during the duration of the Decree for the purposes of enforcing the relief provided herein, of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein, and otherwise effectuating the purposes of the Decree.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A. The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B. Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A. This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B. If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## **COMPLIANCE AND DISPUTE RESOLUTION**

A. The Parties expressly agree that if the EEOC has good reason to believe that Defendants have failed to comply with any provision of this Decree, the EEOC may bring an action before this Court to enforce the Decree. Prior to initiating such action, the EEOC will notify Defendants and/or their legal counsel of record, in writing, of the nature of the dispute (the "Notice"). This Notice shall specify the particular provision(s) that the EEOC believes Defendants have breached and identify the facts supporting the EEOC's basis for that belief. Absent a showing by either party that the delay will cause irreparable harm, Defendants shall have ninety (90) days to attempt to resolve or cure any non-monetary breach unless the EEOC determines after sixty (60) days that further attempts to resolve or cure would be futile. Defendants shall have ten (10) days to attempt to resolve or cure any monetary breach.

B. The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the Notice.

C. After (90) days have passed with respect to any alleged non-monetary breach (sixty (60) days if the EEOC determines that further attempts to resolve or cure would be futile), or ten (10) days have passed with respect to any alleged monetary breach and if the Parties have reached no resolution or agreement to extend the time further, the EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree and/or any other relief the Court deems appropriate.

## VIII.

## **MONETARY RELIEF**

A. In full settlement of this lawsuit, Defendants shall pay a total gross amount of $2,975,000 to Plaintiffs Lacy and LaRocca, counsel for Lacy and LaRocca, and the remaining Claimants who are represented by the EEOC (known hereafter as "Identified Claimants"). Of this amount, $1,800,000 shall be distributed to the Identified Claimants in individual amounts

determined at the sole discretion of the EEOC. The remainder shall be distributed to Lacy, LaRocca and their counsel as set forth in their respective agreements.

B. Pursuant to the Minute Order issued by United States Magistrate Judge Lawrence R. Leavitt (Docket No. 291), Defendants have made payment of settlement amounts designated for Plaintiffs Lacy and LaRocca and their counsel.

C. The EEOC shall provide Defendants with a settlement distribution list and a W-9 form from each Identified Claimant identifying the mailing address of each Identified Claimant. Within ten (10) days of the Effective Date, assuming the EEOC has provided Defendants the settlement distribution list and W-9 forms prior to or on the Effective Date, Defendants shall forward to each Identified Claimant, via certified mail, a check in the amount as designated by the EEOC. All settlement monies shall be designated as backpay compensation under the ADEA. All monies paid to the EEOC's Identified Claimants shall be subject to the statutorily required deductions for federal, state and local income tax withholding and social security/medicare tax withholdings. Defendants shall pay the employer's portion of all federal, state, and local taxes, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from the payments to the Claimants' monetary settlement amounts. Defendants shall prepare and distribute W-2 forms to each Claimant at the same time and in the same manner that they issue W-2 forms to their current employees for the applicable tax year.

D. Identified Claimant Eddie Williams ("Williams") has entered into a separate agreement ("Separate Agreement") with Republic and the revocation period provided under the Older Workers' Benefit Protection Act has expired prior to the Parties signing this Decree. In addition to the settlement amount he will receive as part of this Consent Decree, Defendants shall also pay up to $400 to provide Williams with one hour of independent legal counsel to review the Separate Agreement. The payment of up to $400 to provide Williams' separate legal counsel to review the Separate Agreement shall not be deemed income to Williams, but is designated as a legal cost incurred by Defendants. The EEOC is not a party to any agreement between Republic and Williams.

E.  Within three (3) business days of the issuance of each settlement check, Defendants shall mail a copy of the check and any cover letter or correspondence sent with the check to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

## IX.

## SPECIFIC INJUNCTIVE RELIEF PERTAINING TO IDENTIFIED CLAIMANTS

### A.  Voluntary Resignation

Where necessary, Defendants shall change the central Lawson system termination code so that the system reflects that all of the following individuals voluntarily terminated their employment: Eddie Williams, Robert LaRocca, William Lacy, Jimmie Hilton, Jon Krieger, Jessie Williams, Elmo Walker, Mid Jackson, Dock Hines, Clay Hickman, Sharon Derengowski , Timothy Gittus, Kevin Stockton, Bernard Lucido, Laura Lucido, Jim Cornell, Michael Miller, Daron Barnes Reid, Eddie Wilson, Michael Barnes, Louis Buster Thomas, Jeffrey Banks, Randy Johnson, Roderick Jones, Ron Thompson, Curtis Howard, Keith Brown, Jesus Chanez, David Suazo, Nico Kelley, Carlos Rasool, Billy Taylor, Lorance Wilder, Manual Encinas, Vincent Marrazzo, William Adams, and Albert Lee Vassar.

### B.  Employment References

Defendants have designated The Work Number to provide standard references for each of the Identified Claimants in this Action ("Reference Designee").  Within sixty (60) days of the Effective Date, Defendants shall ensure The Work Number is available for use by the Identified Claimants. The reference shall be limited to the Identified Claimants' most recent dates of employment, last job held, and ending rate of pay.

If any change will be made to the Reference Designee, Defendants shall notify the EEOC in writing no later than ten (10) days before the proposed change goes into effect.  Defendants shall not be considered in automatic violation of this Consent Decree if the Identified Claimants do not refer prospective employers to the Reference Designee.

# X.

# GENERAL RELIEF

**A.**     **Non-Discrimination**

During the term of this Consent Decree, Defendants, their officers, directors, agents, successors and assigns, and all managerial and non-managerial employees hereby agree to abide by the ADEA and refrain from discriminating against persons on the basis of age (over 40) in hiring decisions, termination decisions, performance evaluations, transfers, demotions, promotions, any and all terms and conditions of employment, and harassment based on age, which is a form of age discrimination under the ADEA.

**B.**     **Retaliation**

During the term of this Consent Decree, Defendants, their officers, directors, agents, successors and assigns, and all managerial and non-managerial employees hereby agree to abide by the ADEA and refrain from implementing or permitting any action, policy or practice with the purpose or effect of retaliating against any current or former employee or applicant, because he or she has in the past or during the term of this Decree:

1. Opposed any practice made unlawful under the ADEA;
2. Filed a charge of discrimination alleging such practice;
3. Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of the ADEA;
4. Was identified as a possible witness or claimant in this Action, any investigations, and/or proceedings relating to this case or any claim of a violation of the ADEA;
5. Asserted any right under this Decree; or
6. Sought and/or received any relief in accordance with this Decree.

# XI.

# SPECIFIC INJUNCTIVE RELIEF

**A.**     **Equal Employment Opportunity Compliance Officer**

Andy Martin, Defendants' Vice President, Human Resources of the West Region has been designated as the Equal Employment Opportunity Compliance Officer ("Compliance Officer") to

monitor Defendants' compliance with the ADEA and the provisions of this Decree. The Compliance Officer is to oversee Defendants' compliance with the ADEA and this Decree as follows:

1. Conduct audits and provide reports to the EEOC as described in *infra* §XI(B) of Defendants' facilities identified in this Decree to ensure that all policies, procedures, and practices are free of age discrimination;[1]

2. Ensure employees are provided equal employment opportunities based on age by reviewing selected individual employment decisions at the facilities identified in this Decree;

3. Review, implement and/or develop (if necessary) procedures and practices to ensure accurate document maintenance in personnel files, payroll data, attendance records and other documents that affect hiring, involuntary termination, transfer, and promotion decisions;

4. Review, implement and/or develop (if necessary) procedures and practices to ensure the complete, accurate, and timely documentation of hiring, involuntary termination, transfer, and promotion decisions including documentation of the identity of those participating in the decision making, the identity of the ultimate decision-maker, a description of the ultimate decision made, and a description of the rationale for the ultimate decision made;

5. Review, implement and/or develop (if necessary) procedures and practices for receiving, documenting, and responding to oral and written complaints of age discrimination;

6. Create, maintain, update, and distribute an updated list of Defendants' Human Resources personnel, the AWARE line, and other officials designated by Defendants to receive and respond to complaints of age discrimination;

7. Monitor and ensure that all complaints of age discrimination are properly investigated and that a proper response is adopted to effectively address the complaint in light of the determination of the investigation and in keeping with the ADEA's goal of preventing and correcting behavior that is found to require such action;

---

[1] By definition, any further reference in §XI and thereafter to "age discrimination" will be understood to include harassment based on age and retaliation following a complaint of discrimination or harassment because of age.

8. Review, implement and/or develop (if necessary) procedures to ensure proper communication with complainants regarding the complaint procedure, status of the complaint/investigation, and the results of the investigation;

9. Review, implement and/or develop a centralized system of tracking complaints of age discrimination;

10. Implement training for Defendants' employees on their rights and responsibilities under the ADEA including, but not limited to supervisors' responsibilities toward providing a workplace free of unlawful discrimination, Defendants' policies and procedures, and any relevant obligations under this Decree;

11. Ensure the application of appropriate and consistent counseling, training, and/or discipline to hold employees and managers accountable for failing to take appropriate action against and/or for engaging in conduct prohibited by the ADEA, Defendants' internal policies and procedures against age discrimination, and under this Decree;

12. Review, implement, and/or develop procedures and practices pertaining to supervisor performance reviews and adopt a review category regarding supervisors' compliance with Defendants' internal policies, procedures, and practices against age discrimination;

13. Ensure compliance with the terms of this Decree; and

14. Ensure that all reports required by this Decree are accurately compiled and timely submitted.

**B.    Compliance Officer's Audits**

Within 120 days of the Effective Date, the Compliance Officer shall complete a baseline audit of Defendants' existing employment procedures and practices to identify any potential age discrimination in hiring, involuntary terminations, promotions and transfers.

Within sixty (60) days of completing the baseline audit, the Compliance Officer shall prepare and provide to the EEOC the baseline audit report referenced in §XI(H)1 below.

Throughout the term of this Decree, the Compliance Officer shall monitor the effectiveness of Defendants' policies, procedures, and practices for hiring, involuntary terminations, promotions and transfers to ensure that Defendants' employment actions do not result in age discrimination.

Specifically, the Compliance Officer's baseline and annual audits shall include a review of the following actions and he shall develop, modify, and/or implement, where necessary, standardized procedures to prevent age discrimination in:

1. recruiting, interviewing, screening, and hiring applicants for employment, including ensuring that openings are publicized to a wide pool of applicants and that all qualified applicants are given an equal opportunity to be selected for the open positions;

2. assigning employees to work in a manner that provides equal opportunities for advancement in employment;

3. internal promotions and/or transfers to vacant positions, including ensuring that openings are publicized to a wide pool of internal applicants, that all qualified internal applicants are given an equal opportunity to be selected for the open positions, and compiling a list of qualified internal applicants and selectees by age;

4. involuntary terminations including reductions in force; and

5. workers' compensation by sending a reminder notification to Defendants' workers' compensation administrators and doctors stating that workers' compensation proceedings cannot be used as a way to unlawfully eliminate older workers from the workforce and that they need to make efforts to ensure that analysis of workers' compensation claims and benefits are treated in a manner that does not discriminate on the basis of age.

After the baseline audit, the Compliance Officer shall conduct annual audits consisting of site visits to the various locations subject to the Decree to monitor and ensure that Defendants' policies, procedures, and practices are free from age discrimination.

If at any time the Compliance Officer's recommendations to correct Defendants' policies, practices, and/or procedures are not followed, the Compliance Officer shall notify the EEOC in writing within ten (10) days of notice that such recommendations will not be followed.

**C.     Defendants' Policy Against Discrimination and Complaint Procedures**

Within ninety (90) days of the Effective Date, Defendants shall ensure that the Non-Discrimination and Equal Employment Opportunity Policy ("the Policy") has been distributed to each of Defendants' managerial and non-managerial employees employed at Defendants' facilities

identified in §II of this Decree. If Defendants implement any revised version(s) of this policy during the term of this Consent Decree, Defendants shall provide a copy to the EEOC at least thirty (30) days prior to the distribution of the revisions. The Policy is the same policy currently in effect company-wide and any changed/revised Policy will be posted in Defendant's work locations and on Republic's Intranet.

Within 180 days of the Effective Date, Defendants shall provide the EEOC as part of the baseline audit report a statement confirming distribution of the Policy. During the Decree term, for each new managerial or non-managerial employee of Defendants hired after the initial distribution of the Policy described above, Defendants shall ensure that the new employee and/or manager receives the Policy within thirty (30) days of their actual starting date of employment.

Throughout the Decree term, Defendants shall ensure that their policies and/or notices continue to provide:

    1. Assurance that Defendants will take prompt and appropriate corrective action when it determines that discrimination, harassment, and/or retaliation has occurred;

    2. Assurance that Defendants will investigate all complaints of discrimination, harassment, and/or retaliation and inform complainants regarding the results of the investigation;

    3. A notice identifying the name, job title, and telephone numbers of all avenues of reporting complaints of discrimination and/or retaliation;

    4. A clear statement of the procedures for making complaints pertaining to discrimination and/or retaliation; and

    5. A clear explanation whereby supervisory employees, managerial employees, and employees in any Human Resources Department will be held accountable for Defendants' efforts to prevent and/or correct discrimination, harassment, and/or retaliation.

**D. Performance Evaluation For EEO Compliance**

Within 120 days from the Effective Date, Defendants shall develop, incorporate, and/or implement into its performance evaluation system a criteria for addressing EEO compliance by its supervisors and managers at the facilities identified at §II.

**E. Training**

**1. Training on Internal Non-Discrimination Policies and Procedures**

As set forth in greater detail in §XI(E)3 below, within 180 days of the Effective Date, Defendants shall complete live training for all of Defendants' supervisors, managers, and human resources managers regarding Defendants' policy against age discrimination in hiring, job assignments, discipline, terminations, promotions, transfers, and any other employment actions under the ADEA. This training shall also include Defendants' policy against retaliation. The training shall include practical examples and specific instructions pertinent to each type of employment action and be interactive.

During any subsequent year of the Decree, training regarding Defendants' policies and procedures against age discrimination and retaliation may be provided on-line or by video so long as there is an interactive component. The Compliance Officer can require live training based on particular areas and/or employees requiring additional training.

**2. Training Materials**

Within thirty (30) days of the Effective Date, Defendants shall provide the EEOC with a copy of the training materials intended for the live supervisor, manager and human resources manager training program described in *supra* §XI(E)1 and 3. The EEOC may provide comment on the training within thirty (30) days from receipt of the training statement and materials. Defendants may proceed with the proposed training if it does not receive any comment from the EEOC within thirty (30) days of the EEOC's receipt of the training statement and materials.

**3. Supervisor, Manager and Human Resources Training**

Within 180 days of the Effective Date of this Decree, Defendants shall provide live training of at least two hour duration to each of Defendants' employees at or above the level of supervisor, including Defendants' human resources managers. The live training shall cover Defendants' policies, procedures and practices against discrimination and federal laws regarding employment discrimination on the basis of age and the specific responsibilities of supervisory and human resources employees in assuring compliance with Defendants' policies, procedures and practices against age discrimination and the ADEA. The training shall provide concrete examples of

potentially discriminatory conduct and shall include but not be limited to examples of prohibited conduct pertaining to hiring, job assignment, attendance, discipline, promotions, transfers, and/or terminations. All persons required to attend such training shall verify their attendance in writing.

### 4. Training for Non-Supervisory Employees

Within 180 days of the Effective Date of this Decree, Defendants shall provide live training of at least one hour duration to all of Defendants' non-supervisory employees covering the protections provided them against age discrimination as provided in Defendants' policy and the ADEA. The training shall include training on the policies, complaint procedures, and the avenues to raise complaints or questions regarding potential discrimination and/or retaliation. The Compliance Officer may require live training in particular areas and/or individuals as needed.

### 5. Notice of Training

Defendants shall notify the EEOC twenty (20) days prior to all live training so that it may be attended by an EEOC representative. The EEOC shall notify Defendants within five (5) business days of a training if an EEOC representative will be attending. Any EEOC representative that visits Defendants' Las Vegas facilities agrees to follow all of Defendants' safety and security rules and regulations while on Defendants' premises to the extent such safety and security rules and regulations are disclosed to the EEOC representative.

### F. Record Keeping

Within sixty (60) days of the Effective Date, Defendants shall establish record-keeping procedures that provide for the tracking of hiring, promotion, transfer and involuntary termination decisions, complaints of age discrimination made to management, Human Resources or the AWARE Line, and the monitoring of such decisions and complaints to prevent discrimination on the basis of age.

Defendants shall continue and/or establish systems whereby the following documentation is created and maintained pursuant to the afore-mentioned record-keeping procedures:

1. All documents generated in connection with any decision to hire, involuntarily terminate, transfer, demote or promote any employee including documentation of the identity of those participating in the decision making, the identity of the ultimate decision-maker, a description

of the ultimate decision made, and a description of the rationale for the ultimate decision made;

2. All documents generated in connection with any complaint of age discrimination made to a member of management at or above the route supervisor level, or Human Resources or to the AWARE Line, the investigation into such complaint and the resolution of the complaint, including the identities of the parties involved;

3. All documents contained in the official personnel file for that employee;

4. All forms acknowledging any employee or manager's receipt of the Policy shall be maintained in the employee's official personnel file (be that a paper or electronic file);

5. All documents verifying the occurrence of all training sessions and names of all attendees for each session required under this Decree shall be maintained in the employee's official personnel file or tracked in a separate database or file that is accurately maintained; and

6. All Compliance Officer reports to the EEOC and any accompanying documentation upon which the reports are based.

7. All non-privileged documents pertaining to the above record-keeping requirements shall be provided to the EEOC within forty-five (45) days of receipt of a written request from the EEOC for the particular category of documents, which request will identify the potential problem or concern of the EEOC related to any particular category of documents so as to assist Defendants in identifying the appropriate documents for production.

**G.     Posting**

Within ten (10) business days of the Effective Date and throughout the term of the Decree, Defendants shall post a notice of the terms of this Decree, in the form attached hereto as Exhibit A, at each of Defendants' facilities in a location where employees clock in/out or frequent for lunch or breaks.

**H.     Reporting**

**1.     Baseline Audit Report**

Within one hundred eighty (180) days of the Effective Date, Defendants shall provide a report from Defendants' Compliance Officer confirming that:

a.     Defendants have redistributed their Policy within ninety (90) days of

15

the Effective Date;

  b. Going forward, Defendants' performance evaluations for supervisors and managers shall have a component that measures EEO compliance;

  c. Defendants have completed or will complete all training required to be completed within 180 days of the Effective Date;

  d. Defendants have converted the termination codes of the Identified Claimants described in §IX to voluntary terminations of employment;

  e. Defendants have established and complied with the record keeping procedure described in *supra* §XI(F);

  f. Defendants have posted the notice described in supra §XI(G); and

  g. Defendants have conducted a baseline audit. The description of the baseline audit provided shall contain:

   (1) the scope of the audit;

   (2) any potential violations of Defendants' internal policies, procedures, and practices against age discrimination identified by the Compliance Officer as a result of his review of the areas identified in §§ XI(A)(7) and XI(B)(1-5) and any remedial action taken, including the names of the individuals alleging age discrimination, the nature of the age discrimination alleged, the names of the alleged perpetrators, the dates of the allegations, a brief summary of how each complaint was resolved, the identity of the person who investigated and/or resolved each complaint, and an analysis of the investigation of complaints, including the monitoring done for multiple complaints made against the same person. (If no results have been reached as of the time of the report, the result shall be included in the next report.); and

   (3) a summary of the results of the Compliance Officer's reviews of samples of randomly selected individual employment decisions and a description of any corrective action taken where identified as necessary, including but not limited to a description of the specific methodology utilized in the review of the samples.

  **2.** **Annual Report**

At 12 months and 24 months after submission of the Baseline Report, Defendants'

Compliance Officer shall provide to the EEOC a follow-up report. The follow-up reports shall contain:

    a. A statement that all training sessions required under this Decree took place;

    b. A statement that the Compliance Officer has reviewed the summary of age discrimination complaints and responses thereto described below;

    c. A summary of all complaints of age discrimination against Defendants received by a member of management at or above the route supervisor level, Human Resources, or the AWARE Line and a description of Defendants' response thereto including the names of the individuals alleging age discrimination, the nature of the allegations, the names of the alleged perpetrators, the dates of the allegations, a brief summary of how each complaint was resolved, the identity of the person who investigated and/or resolved each complaint, and a review of the complaints to determine if multiple complaints have been made against the same person. (If no results have been reached as of the time of the report, the result shall be included in the next report.);

    d. A summary of:

        i) the status of document maintenance procedures regarding personnel files, payroll data, attendance records and other documents that affect employment hiring, involuntary termination, transfer, and promotion decisions such as hiring, involuntary termination, transfers, and promotions;

        ii) any changes to procedures and practices for receiving, documenting, and responding to oral and written complaints of age discrimination;

        iii) any changes to the list of Human Resources personnel, the AWARE line, and other officials designated by Defendants to receive and respond to complaints of age discrimination;

        iv) any changes to the system of tracking complaints of age discrimination;

        v) any changes to training required under this Decree; and

    e. Confirmation that the Compliance Officer conducted the review of

17

employment actions specified in §XI(B) and a description of any remedial action taken as a result of the review.

## XII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION OF CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Decree.

## XIII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.

## MISCELLANEOUS PROVISIONS

A. During the term of this Decree, Defendants shall provide any successor-in-interest to one or more of Defendants' operations identified in Section II.A with a copy of this Decree sufficiently prior to the closing of the sales transaction to provide reasonable notice of the Decree to the successor-in-interest and shall simultaneously inform the EEOC of same.

B. During the term of this Decree, Defendants shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C. Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to:

For the EEOC: Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301. For Republic: Tim Benter, Vice President and Deputy General Counsel, Republic Services, Inc., 18500 North Allied Way, Phoenix, AZ 85054.

D. The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

All parties, through the undersigned, respectfully apply for entry of this Consent Decree Order.

18

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: September 21, 2010

By: Anna Y. Park
Attorneys for Plaintiff EEOC

REPUBLIC SERVICES, INC.

Dated: September 21, 2010

By: Tim Benter, Vice President and Deputy General Counsel

REPUBLIC SILVER STATE DISPOSAL, INC.

Dated: September 21, 2010

By: Tim Benter, Vice President and Deputy General Counsel

## ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED. The Court shall retain jurisdiction over the above-entitled action for the duration of this Consent Decree.

Date: September 21, 2010

The Honorable David E. Ezra
United States District Court Judge

# **NOTICE TO ALL EMPLOYEES**

This Notice is being posted pursuant to a Consent Decree in *U.S. Equal Employment Opportunity Commission v. Republic Services, Inc., et al.*, Case No., CV-2:04-cv-1352-DAE-LRL settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC"). The EEOC brought suit in federal court alleging that Republic Services, Inc. and Republic Silver State Disposal, Inc. (collectively "Republic") discriminated against certain employees on the basis of age by terminating them and/or denying them transfers to other open positions. Republic denies these allegations. This lawsuit has been resolved by a Consent Decree mutually agreed to by Republic and the EEOC which includes injunctive remedies and monitoring to ensure compliance with the Age Discrimination in Employment Act.

Republic does not tolerate age discrimination or retaliation in the workplace. Both federal law and the Company's policies prohibit discrimination based on race, color, religion, sex, national origin, age, or disability. This means that a supervisor or manager cannot make decisions about hiring, promotion, pay or other conditions of employment based on any of these protected categories.

If you are aware of any events, conduct or information you believe may indicate some improper discrimination, harassment, or retaliation, you may report improper conduct to any of the following:

(1) Your immediate supervisor;
(2) a management representative with whom you feel comfortable;
(3) Your Area Human Resources Manager, Hank Vasquez (702-599-5504);
(4) Republic's AWARE Line (1-866-3-AWARE-4 or 1-866-329-2734); or
(5) the EEOC at 333 S. Las Vegas Blvd., Suite 8112, Las Vegas, NV 89101, (702)388-5099.

Retaliation is a serious violation of Company policy and federal law and should be reported immediately to your Area Human Resources Manager (702-599-5504), your Regional Vice President of Human Resources Andy Martin (925-201-5813), a Corporate Human Resources Manager (480-627-2700), the AWARE Line or to the EEOC.

The EEOC is the federal government agency that enforces the federal laws against discrimination in employment on the basis of age, disability, race, color, religion, national origin, sex, and pregnancy.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for three (3) years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: EEOC, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.**

_____, 2010